UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT M. COOK<br><br>and<br><br>LINDA COOK,<br><br>      Petitioners,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Case No. CV 08-0446-S-ELJ-REB<br><br>**REPORT AND RECOMMENDATION** |

Currently before the Court are (1) Petitioners' Petition to Quash IRS Summons (Docket No. 1) and (2) Respondent's Motion to Dismiss and Counterpetition to Enforce (Docket No. 8). Making a decision on the pending motions will not be aided by oral argument. Therefore, having carefully reviewed the record and otherwise being fully advised, the Court enters this Report and Recommendation.

### I.  BACKGROUND

Respondent, the United States of America through the Internal Revenue Service, is conducting an examination into the income tax liabilities of Petitioners, Robert M. Cook and Linda Cook, for the tax years 1999 through 2007. (Decl. of Christina Giddens in Support of United States' Mot. to Dismiss and Counterpetition to Enforce ¶ 2, Docket No. 8-3) ("Giddens's

**REPORT AND RECOMMENDATION- p. 1**

Decl."). The examination includes entities the Cooks had or have an ownership interest in or control over ("Related Entities") – Ace Property Management, Ace Realty and Property Management, Cook International Society, Hoot & Holler, Marcus Divinity International, and Cook International Association. (Giddens's Decl. ¶ 5). To this end, the IRS issued administrative summonses to Northwest Christian Credit Union, Wells Fargo Bank, Key Bank, Bank of America, and Mountain Gem Credit Union directing the production of books, records, papers, and other data for accounts of the Cooks and Related Entities from January 1, 1999, through December 31, 2007. (Giddens's Decl. ¶¶ 3, 7, 11, 15, and 19).

The Cooks, acting pro se, seek to quash all five of these summonses because: (1) the IRS is only authorized to examine the tax liability of federal employees and persons having a connection with the federal government; (2) the administrative procedures of the IRS are devoid of authority to conduct an administrative summons action; and (3) the summonses are procedurally improper. (Pet. to Quash IRS Summons 1-3).

The United States asks this Court to (1) dismiss the Petition to Quash IRS Summons for insufficient service of process and (2) enforce the five summonses as proper. (Mem. in Support of United States' Mot. to Dismiss and Counterpetition to Enforce 10, Docket No. 8-2).

## II.  REPORT

**A.      The Cooks' Failure to Respond and Meritless Claims**

The Cooks failed to respond to the United States's motion to dismiss. (*See* Docket). Pro se litigants are held to same procedural rules as parties represented by attorneys. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). A party's failure to respond to a motion may be interpreted by a court as consent to the unopposed motion. Dist. Idaho Loc. Civ. R. 7.1(e); *Ghazali v.*

**REPORT AND RECOMMENDATION- p. 2**

*Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  While the Cooks' failure to file a response alone supports the granting of the motion to dismiss, the Court also reaches the same result by analyzing the motion as if the Cooks objected.

The Cooks' first two grounds for quashing the IRS summonses have no basis in the law.[1] By statute "the [IRS] is authorized... [t]o examine any books, papers, records, or other data" that may be relevant in "determining the liability of any person for any internal revenue tax."  26 U.S.C. § 7602(a)(1).  The statute's application to "any person for any internal revenue tax" expands the scope of the IRS's authority well beyond only federal employees and persons with federal connections; the Cooks' first argument is without merit.  The Cooks' second argument that the administrative procedures lack authority is also  meritless because this same statute gives the IRS authority to conduct these examinations.  *Id*.

**B.     Insufficient Service of Process**

The United States claims service of process did not follow Federal Rule of Civil Procedure ("FRCP") 4(I) and dismissal is proper pursuant to FRCP 12(b)(5).  (Mem. in Support of United States' Motion to Dismiss and Counterpetition to Enforce 3).  Rule 4(i)(1)(B) requires persons suing the United States to "send a copy of [the summons and of the complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C."

The Cooks did not use registered or certified mail to serve the Attorney General in Washington D.C.  (Docket No. 2).  Instead, the Cooks employed a process server to deliver the summons and petition to 950 Pennsylvania Ave., NW, Washington, D.C. and leave them with

---

[1] The third claim is examined with the United States motion to enforce the summonses. *See infra* pp. 5-6.

**REPORT AND RECOMMENDATION- p. 3**

Roosevelt Williams, Mail Clerk & Authorized Agent of the United States Attorney General. (Affidavit of Service for Petition to Quash IRS Summons Served on Roosevelt Williams, Docket No. 2).

This method is appropriate when serving the United States attorney for the district where the action is brought. Fed. R. Civ. P. 4(i)(1)(A)(I). However, it does not satisfy the rule's requirement to mail service to Washington, D.C. Fed. R. Civ. P. 4(i)(1)(B); *Farrell v. U.S. Dept. of Justice*, 910 F. Supp. 615, 619 (M.D. Fla. 1995) (leaving copies of summons and complaint with clerk authorized to accept service does not satisfy requirement to send by registered or certified mail).

Despite this deficiency, a court must grant a plaintiff more time to fulfil the service requirement if good cause is shown, Fed. R. Civ. P. 4(m), and may even grant more time in the absence of good cause, *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule 4(m)"). Courts are to consider factors such as statutes of limitations, prejudice to the defendant, actual notice, and eventual service in determining how to exercise this discretion.

This Court would recommend exercising discretion under Rule 4(m) and granting the Cooks more time to serve the attorney general; however, this Court's recommendation to enforce the summonses renders the service of process issue moot. Granting more time would be recommended because the Cooks provided a more reliable means of service than was called for by the rule, gave the United States actual notice, and delivered, through an improper means, the summons and complaint to the proper individual. Additionally, the granting of more time for service would not prejudice the United States because the case will be resolved in its favor on

**REPORT AND RECOMMENDATION- p. 4**

alternative grounds. Thus, this Court recommends denying the United States's motion to dismiss for insufficient service of process and resolving the case on other grounds.

C.     **Enforcement of the Summonses**

As mentioned above, the IRS has broad authority to issue summonses under 26 U.S.C. § 7602. The Supreme Court has analogized the IRS's summons power to the subpoena power of other government agencies, noting that the Government "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *See United States v. Powell*, 379 U.S. 48, 57 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950)).

Under *Powell*, IRS summonses are enforceable when the United States presents a prima facie case for enforcement and the taxpayer fails to establish an adequate defense. *Id.* at 57-58. A case for enforcement is established upon a showing that: (1) the summons was issued for a legitimate purpose; (2) the summoned information may be relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the IRS for issuance and service of the summons have been followed. *Id.* The burden may be satisfied "'by a declaration from the investigating agent that the *Powell* requirements have been met.'" *See Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)). This burden is minimal "'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *See Crystal*, 6 F.3d at 1144 (quoting *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)).

**REPORT AND RECOMMENDATION- p. 5**

It is more difficult for a taxpayer to establish a defense to enforcement.  Once the United States makes a *prima facie* case for enforcement, "'those opposing enforcement of a summons ... bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the [IRS] ... .  Without a doubt, this burden is a heavy one.'"  *Id*. (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)).  To meet this heightened burden, "the taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose."  *Id*.

As discussed below, the United States satisfies its *Powell* requirements, and the Cooks fail to establish an adequate defense.  Therefore, this Court recommends enforcing the IRS summonses and dismissing the Cooks' third and final argument for quashing the summonses.

**D.**     **The summonses were issued for a legitimate purpose and the information sought may be relevant to that purpose.**

The stated purposes of 26 U.S.C. § 7602 are to: (1) ascertain the correctness of any return; (2) make a return where none has been made; (3) determine the liability of any person for any internal revenue tax; or (4) collect any internal revenue tax liability.  26 U.S.C. § 7602(a).

Christina Giddens is a commissioned Revenue Agent employed by the Small Business/Self Employed Division of the IRS, located in Boise, Idaho.  (Giddens's Decl. ¶ 1).  As a Revenue Agent, Agent Giddens is examining the Cooks' tax liabilities for tax years 1999 through 2007 because the Cooks allegedly failed to file income tax returns for those years.  (Giddens's Decl. ¶ 2).  Agent Giddens represents that the information sought by the summonses "may be relevant to, and is designed to shed light upon, the financial activities of the Cooks for the purpose of determining their correct federal income tax liability for tax years 1999 through 2007."  (Giddens's Decl. ¶ 24).  The Cooks do not offer any contrary evidence.

**REPORT AND RECOMMENDATION- p. 6**

The summonses are sought for the legitimate purpose of determining the Cooks' income tax liability. Further, because the Cooks have not filed tax returns from 1999 to 2007, any information from a financial institution may be relevant in determining liability. The information regarding entities believed to have been created by the Cooks has an obvious relevance to the possibility of income from such entities. Therefore, the summonses were issued for a legitimate purpose and are relevant to that purpose; the first and second *Powell* factors are met.

E.	**The information sought is not already in the IRS's possession.**

Agent Giddens states in her Declaration that: "[t]he testimony and documents sought by the above-described summonses are not presently in the possession of the Internal Revenue Service." (Giddens's Decl. ¶ 25). Based on the representation that the Cooks have not provided tax returns for the tax years 1999 through 2007 (Giddens's Decl. ¶ 2), there is obvious reason to believe that the IRS has little by way of documentary information related to the Cooks' tax liability. It would be difficult for the Cooks to challenge Gidden's Declaration in that regard, even if they had filed a response to the Government's motion, but regardless the Cooks provide no evidence the IRS possesses any of the sought information. Therefore, the third *Powell* factor is met.

F.	**The IRS complied with the administrative requirements within the code.**

Special procedures for third-party summonses are set out at 26 U.S.C. § 7609. The IRS must notify a taxpayer within three days of making a summons on a third-party and at least 23 days prior to the date the information is requested. § 7609(a)(1). Notice is appropriately served if sent by certified or registered mail to the last known address of the taxpayer. § 7609(a)(2).

**REPORT AND RECOMMENDATION- p. 7**

The summons must name the taxpayer and provide sufficient information to locate the requested information.  § 7609(a)(3).

Agent Giddens states: "All the administrative steps required by the Internal Revenue Code for issuance and service of the summonses have been taken.  The summonses were issued under the authority of the Internal Revenue Code and were approved by an official with authority to authorize them."  (Giddens's Decl. ¶ 26).  The summonses to Northwest Christian Credit Union, Wells Fargo Bank, Key Bank, Bank of America, and Mountain Gem Credit Union were sent on October 10, 2008.  (Giddens's Decl. ¶¶ 3, 7, 11, 15, 19).  Notice of the summonses was sent to the Cooks on October 10, 2008, within three days of sending the summonses.  (Giddens's Decl. ¶¶ 4, 8, 12, 16, 20).  The summonses named the Cooks and Related Entities, provided sufficient information to located the requested information by giving identification numbers and a date range, and requested delivery on November 11, 2008, more than 23 days after sending notice to the Cooks.  (Giddens's Decl. ¶¶ 3, 7, 11, 15, 19 and Ex. A, D, G, J, M).  The Cooks provide no reasoning to support their blanket assertion that the summonses are procedurally improper.  (Pet. to Quash IRS Summons ¶ 15).  The Court finds the summonses complied with the administrative requirements of the code.  Thus, the fourth and final *Powell* factor is met; the summonses are presumed to be enforceable.

**G.**     **The Cooks fail to show that the summonses are an abuse of process.**

Since the IRS has met all of the requirements of the *Powell* test, the burden shifts to the Cooks to show that enforcement would be an "abuse of process."  *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).  To carry this burden, the Cooks must show more than mere legal conclusions; they must allege specific facts and evidence to support their allegations.  *Liberty*

**REPORT AND RECOMMENDATION- p. 8**

*Fin. Servs.*, 778 F.2d at 1392.[2]  The Cooks have no response, including no response of a claimed abuse of process.  (*See* Pet. to Quash IRS Summons).  Their legal argument is misplaced.  Therefore, the Cooks failed to satisfy their burden to refute the IRS's showing or otherwise demonstrate an abuse of process.

### III.  RECOMMENDATION

In accordance with the foregoing, it is RECOMMENDED that the District Court:

1.   DISMISS Petitioners' Petition to Quash IRS Summons (Docket No. 1);[3]

2.   GRANT IN PART United States's Motion to Dismiss and Counterpetition to Enforce (Docket No. 4) — granting the request to enforce the summonses and denying as moot the request to dismiss for insufficient service of process; and

3.   Close this case.

DATED:  **June 12, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[2]  *See also United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985) ("In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit.  Legal conclusions or mere memoranda of law will not suffice. . . . . [I]f at this stage the taxpayer cannot refute the government's *prima facie* [good faith] showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.") (quotations, citations omitted).

[3]  In the event the Court's Report and Recommendation is adopted in this respect, it is hereby ordered that the United States's Motion for Extension of Time to File Answer re Motion to Quash (Docket No. 5) is DENIED as moot.

**REPORT AND RECOMMENDATION- p. 9**